May 22, 2020

**Re: *J.H., et al v. Edwards et al.*, No. 3:20-cv-00293-JWD-EWD**

Dear Judge deGravelles:

    We write in connection with Plaintiffs-Petitioners' May 18, 2020 Motion for Expedited Discovery (Dkt. 14) ("Expedited Discovery Motion") and Plaintiffs-Petitioners' Motion for a Temporary Restraining Order (Dkt. 7) ("TRO Motion"). As instructed by the Court during the May 20 status conference, the parties met and conferred on two occasions (once on May 21 for approximately 1.5 hours and again on May 22 for approximately 1.25 hours) in attempt to resolve and/or narrow the disputed issues.

    The Expedited Discovery Motion seeks documents responsive to the below four requests ("Requests," and each, individually, a "Request") on an expedited basis in advance of the June 3 hearing on the TRO Motion.

(1) records listing the names of all children confined in the four OJJ secure facilities along with the reasons for their confinement, the duration of their confinement, and currently projected release dates;
(2) records demonstrating which children confined at the four OJJ secure facilities have been tested for COVID-19, when each child was tested, the type of test administered to each child, the result of each such test, the date that each such test produced results, and the results of each such test;
(3) a list of children, or records sufficient to identify children, currently confined at the four OJJ secure facilities that have been diagnosed as having any of the following conditions that place them at higher risk of harm from COVID-19: asthma, hypertension, obesity, diabetes, the HIV infection, or other medical conditions that suppress or compromise the immune system; and
(4) Defendants-Respondents' policies, procedures, and practices adopted in response to COVID-19. Such information is relevant to Plaintiffs-Petitioners' claims and necessary for the Court's consideration of the relief requested in Plaintiffs-Petitioners' Motion for TRO.

    Defendants agree to produce summary documents responsive to Requests (2) and (3) by Tuesday, May 26. Defendants agree to produce documents responsive to Request (4) by Wednesday, May 27. Specifically, Defendants will produce the responsive documents that directly relate to policies and procedures implemented by OJJ in response to the COVID-19 pandemic that concern: (1) the testing and monitoring of Youth and staff; (2) quarantine and medical isolation; and (3) educational programing and rehabilitation services. With respect to Request (1), Defendants state that they are still conferring with their client. Defendants agree to provide an update to Plaintiffs-Petitioners on or before Saturday, May 23. For the Requests that involve producing personal identifying information, Defendants state that the documents will be produced with pseudonyms. Defendants agree further that responsive documents will be produced as soon as possible and on a rolling basis, if practicable. Assuming that Defendants

comply with the agreed-upon deadlines set forth herein, the parties agree that the Expedited Discovery Motion has been resolved.

The TRO Motion seeks an order immediately enjoining Defendants-Respondents from the following seven categories of acts or omissions ("Categories," and each, individually, a "Category").

(1) continuing to confine all children who are currently within 180 days of their release dates;
(2) continuing to confine children who are presumptively eligible for release, including all children who are eligible for furlough under OJJ's criteria as well as those who have contracted the disease and those who are medically vulnerable;
(3) failing to test children for COVID-19;
(4) using "Behavioral Intervention Rooms" for any child who tests positive for COVID-19 or displays symptoms of the disease;
(5) confining children to their dormitories for lengthy periods of time;
(6) using pepper spray on children; and
(7) continuing the suspension of structured educational and rehabilitative programming in OJJ facilities.

Defendants deny that Plaintiffs are entitled to any of the relief sought by their TRO Motion and further deny that the alleged acts or omissions either (a) are occurring or (b) constitute a deprivation of constitutionally protected rights.

During the parties' meet and confers with respect to the TRO Motion, the parties exchanged information and gained clarity on each side's respective position with respect to each Category, but were unable to resolve or narrow any of the Categories.

Sincerely,

| /s/ *John Adcock* | /s/ *Kyle V. Miller* |
|---|---|
| John Nelson Adcock | Kyle V. Miller |
| Law Offices of John N. Adcock | Butler Snow LLP |
| 3110 Canal Street | PO Box 6010 |
| New Orleans, LA 70119 | 1020 Highland Colony Parkway |
| 225-284-6327 | Suite 1400 |
| Fax: 504-308-1266 | Jackson, MS 39157 |
| Email: jnadcock@gmail.com | 601-985-4410 |
| | kyle.miller@butlersnow.com |
| *On Behalf of Plaintiffs-Petitioners* | *On Behalf of OJJ Defendants* |