# DECLARATION OF J.P.

I, J.P., declare the following under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. My initials are J.P.

2. I am at least 18 years of age and am competent to make this declaration.

3. My son D.M. is being held at Swanson Center for Youth in Monroe, LA. His release date is October 14, 2020. He is trusted within the facility and helps do a lot of yard work around Swanson and outside the facility.

4. My son is furlough-eligible and has previously come home on furlough many times since March of 2019. He was home on furlough in January, February, and March. We normally do furloughs as often as we can. In March, he was home on furlough from March 12 to 17 but OJJ made him go back to Swanson early on March 16 because of the pandemic. When he went back to Swanson, all they did was take his temperature. I was planning on asking for furloughs over the next three months before COVID-19. It is my understanding furloughs have been suspended by OJJ indefinitely.

5. My son is in a dorm with at least eight other children. None of them have been tested for COVID-19 that my son is aware of, even though there are other people in the facility – staff and children – who tested positive for COVID-19. There was at least one child in his dorm with a fever that was never tested for COVID-19 and was not removed from the dorm. The distance between the beds in the dorms is unchanged. The children are not able to practice social distancing and are not being told not to interact with each other or staff. My son has had one mask during this whole pandemic, but has not been told to wear it. He wore it during his Zoom court hearing on early May and has not put it back on since. He doesn't have a mask on when I do Zoom conference calls with him. He has small amounts of hand

sanitizer but it does not have any alcohol in it so it is not a disinfectant. They just recently started disinfecting objects a few times a day.

6. Swanson is extremely understaffed and this week they moved some children from other facilities to Swanson, including children who tested positive COVID-19 positive at Swanson Columbia. Those children were put in Holly dorm and housed there. My son saw at least one child who was very sick. Staff is working 18-hour days and they are not receiving any overtime.

7. I have called OJJ to try to get information on my son and what policies they have around COVID-19 and was told by someone at Swanson that they could not release any information to me. I also sent Shawn Herbert, the director of Swanson Monroe, a letter, which she never responded to. I sent that letter after children were moved to Swanson from Bridge City. I was worried about my son's health and wellbeing. I spoke to the regional director about my concerns.

8. My son is not provided with any educational services or other programming, including trade programming. He was previously doing welding training and taking a college course online. Children in his dorm were going through the JUMP program that is required by most judges and they are no longer able to participate in that program. His dorm is regularly not permitted outside for 4 to 5 days at a time. Now when they go anywhere, it is to a dirty, poorly ventilated gym that is not cleaned between different dorms using it and has no air flow. I am worried about the risk of infection. Children from Bridge City and some of the children who tested positive were put into solitary confinement in Cypress. My son does not want to get sick and have to be housed there.

9. I have not been able to visit my son since he went back to Swanson on March 16. Normally I visit him on both Saturdays and Sundays every week. My husband and I spend the night in

Monroe every weekend so that we are able to visit with him both days. I have had some Zoom calls. My son had a Zoom court date in early May but otherwise has not had access to his attorney. He tried to call the attorneys litigating this case on May 19, 2020, and was not allowed to do so because of OJJ restrictions on who he is allowed to call on the phone.

10. I would like my son to come home on furlough until all COVID-19 is absent from the facility and everyone has been tested and there is a vaccine. There is no reason for him to be detained right now. He is not receiving any rehabilitative services. He was a mentor to a lot of children through the Kiros Torch program and that has been suspended indefinitely. That program makes a big difference in the children's lives. There is no Bible study or church services. It is very important to my husband and I that our son is able to practice his religion. My ability to parent him is being impeded by the fact that he is in a facility and away from me. He has a safe home to come home to.

11. As a named plaintiff, to the best of my ability, I have been working with my lawyers to help them prepare and work on this case. I will continue to do so. I am available to them to assist with the case, and they are available to me to answer questions and to explain and keep me updated on the litigation. I regularly speak with my attorneys and their staff to provide them information in support of this lawsuit. I have responded and will continue to respond to the lawyers' requests for information about adequate health care and other conditions of confinement to the best of my ability. I intend to continue working zealously with my attorneys on behalf of the family members of other individuals detained in Louisiana as long as I am a named plaintiff.

12. I seek only declaratory and injunctive relief on behalf of the class. I am not seeking monetary damages, and I understand this this civil case will not result in the dismissal of any criminal proceedings against my son or others.

13. I have authorized my attorney to sign on my behalf given the difficulty of arranging visitation and travel due to the current COVID-19 pandemic. If required to do so, I will provide a signature when I am able to do so.

14. This declaration was read to me in English and I was able to make changes and corrections.

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge.

    Signature:

    /s/ Nishi Kumar
    Nishi Kumar on behalf of J.P.
    May 20, 2020

I, Nishi Kumar, declare the following under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a licensed attorney in good standing in Louisiana.

2. I represent the declarant J.P. Out of necessity in light of the COVID-19 pandemic, I signed the attached declaration on her behalf with her express consent.

3. I spoke with J.P. over the phone. She has confirmed that I can sign on her behalf as reflected in her declaration.

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and that this declaration was executed on May 20, 2020 in New Orleans, Louisiana.

    Signature:

    /s/ Nishi Kumar
    Nishi Kumar
    May 20, 2020