# Nishi Kumar

| | |
|---|---|
| **From:** | Nishi Kumar |
| **Sent:** | Saturday, May 9, 2020 5:37 PM |
| **To:** | jameswood@la.gov |
| **Subject:** | Emergency ARP on behalf of J.H. |
| **Attachments:** | Emergency ARP on behalf of J.H. .pdf |

Mr. Wood,

Attached please find an Third-Party Emergency ARP on behalf of J.H. . Kindly respond or have the appropriate party respond by email within 48 hours per OJJ's Administrative Remedy Procedure B.5.3. Out of necessity in light of the COVID-19 pandemic, I have signed the Third Party Acknowledgment/Approval Form on J.H. 's behalf, as authorized by his guardian. If you have any questions, you can reach me at 404-617-1467.

Best,

Nishi Kumar
Staff Attorney
The Promise of Justice Initiative
www.justicespromise.org
nkumar@defendla.org
504.529.5955

Follow us on Instagram, Twitter, & Facebook!



This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law office and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.

# Nishi Kumar

| | |
|---|---|
| **From:** | Nishi Kumar |
| **Sent:** | Saturday, May 9, 2020 5:34 PM |
| **To:** | Yamena.Thompson@LA.GOV; Shannon.matthews2@la.gov |
| **Subject:** | Emergency ARP on behalf of J.H. |
| **Attachments:** | Emergency ARP on behalf of J.H. .pdf |

Ms. Thompson and Ms. Matthews,

Attached please find an Third-Party Emergency ARP on behalf of J.H. . Kindly respond or have the appropriate party respond by email within 48 hours per OJJ's Administrative Remedy Procedure B.5.3. Out of necessity in light of the COVID-19 pandemic, I have signed the Third Party Acknowledgment/Approval Form on J.H. 's behalf, as authorized by his guardian. If you have any questions, you can reach me at 404-617-1467.

Best,

Nishi Kumar
Staff Attorney
The Promise of Justice Initiative
www.justicespromise.org
nkumar@defendla.org
504.529.5955

Follow us on Instagram, Twitter, & Facebook!



This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law office and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.

B.5.3 (a)

YOUTH SERVICES  Number: _____-_____-_____

ADMINISTRATIVE REMEDY PROCEDURE FORM  Date Received: 5/9/2020

Name: J.H.  Client ID Number: 147597

Facility: Acadiana/Bridge City Center for Youth  Living Area: _____

## "THIS IS A REQUEST FOR ~~ARP~~"  Emergency ARP

(You may ask your case manager or other staff members for help completing this form.) State your problem (WHO, WHAT, WHEN, WHERE AND HOW) and the remedy requested (what you want to solve the problem):

Problem: See Attached
_____
_____

Remedy requested: See attached

Date of Incident/Occurrence: March 13, 2020 to present  Today's Date: 5/9/2020

**This form must be completed within 90 calendar days of the date of the incident/occurrence and given to the ARP Coordinator or placed in the ARP/grievance box.**

### Screening - ARP Coordinator's Review

Rejected _____ Returned _____ Accepted _____  Screening Date: _____  Sexual Assault ☐ Yes ☐ No
Reason: _____

### Emergency Request
(Maximum Time for Processing – Initial Response: 48 hours / Final Response: 5 days)

Rejected: _____  Accepted _____  Reason: _____

Sent to Facility Director / Regional Director / IS on: _____

RD Initial Response Received on: _____  RD Final Decision Received on: _____

### Step One - ARP Coordinator/IS Recommendation and Facility Director's Response
(Maximum Time For Processing: 30 calendar days)

ARP Coordinator/IS Recommendation: _____

Sent to Facility Director on: _____  AC/IS Signature: _____

Facility Director's response to your ARP Step One request: _____
_____
_____

Date: _____  Facility Director's Signature: _____

Received Step One on: _____  Youth's Signature: _____

**If you are not satisfied with this response, you may go to Step Two. The ARP Coordinator must submit your request to the Deputy Secretary within 15 calendar days after you receive the Step One response.**

Request Step Two: _____ Yes _____ No  Reason for Step Two request: _____
_____

Date Step Two request received by AC: _____  Date Sent to Deputy Secretary: _____

AC's Signature: _____

### Step Two - Deputy Secretary's Response
(Maximum Time For Processing: 21 calendar days)

Date Received: _____

Deputy Secretary's response to ARP Step Two request: _____
_____
_____
_____

Date: _____  _____
Deputy Secretary's Signature

Date received Deputy Secretary's response: _____  _____
Youth's Signature

**If you are not satisfied with this response, you may seek judicial review. A request for judicial review must be filed with the juvenile court which entered your order of commitment within 30 calendar days after receiving the Step Two decision.**

**July 2018**

**EMERGENCY ARP APPLICATION**

**May 9, 2020**

**Submitted On Behalf of** J.H.

**And All Others Similarly Situated**

This is an Emergency ARP on behalf of J.H.                .

I am an attorney representing J.H.         's parent and am filing this Emergency ARP as a Third Party on his behalf. The exigencies of this request arise directly from the national state of emergency resulting from the world-wide pandemic and wide-spread infection of many people from COVID-19.

J.H.           is filing this emergency application on behalf of himself and all other similarly-situated youths in OJJ custody and housed in secure care facilities. J.H.         is a minor child and currently is being held at the Acadiana Center for Youth (ACY). He was previously held at Bridge City Center for Youth and does not know when he will be transferred back.

**The Problem**:

The conditions under which J.H.         are being held are medically dangerous and constitutionally defective. The following conditions of confinement represent an unwarranted and unlawful danger to him and to all others being so detained:

1. J.H.           has been exposed unwillingly to the COVID-19 virus while in the custody of the Office of Juvenile Justice, Bridge City Center for Youth, and Acadiana Center for Youth. COVID-19 is a deadly viral pandemic. He, along with all others in OJJ custody and housed in the state's several secure care facilities, has been placed at an immediate risk of substantial harm.

2. At least ten youth and twenty-one staff members at Bridge City tested positive for COVID-19. At least one youth and one staff member at ACY has tested positive for COVID-19. J.H.        has not been tested for COVID-19.

3. Both OJJ and the facility have a responsibility to take reasonable and accepted measures to keep J.H.        safe and free from contagion while in OJJ custody. Measures recommended by the Center for Disease Control, as well as state and local governments, to help ensure safety have been violated by forcing J.H.        (as well as the other children in custody) to live in the following conditions:

    a. He is housed in a dorm with more than ten other youth. No testing has been done to determine if he, or others, are COVID-19 positive.

    b. He is being denied access to his parent and family;

    c. He is not being provided with personal protective equipment such as masks and adequate personal or other cleaning supplies;

       d.    He is being forced to live in a physical environment where recommended social distancing is impossible to maintain;

       e.    He is being subjected to inappropriate and excessive levels of discipline due to understaffing at the facilities during COVID-19. He has been pepper sprayed on multiple occasions by probation officers at both Bridge City and ACY. The use of pepper spray inside secure care facilities is not contemplated by the OJJ policy on interventions (Use of Interventions – Secure Care C.2.6). He was also transported between facilities for disciplinary reasons.

       e.    He is being denied during this national health emergency access to education, rehabilitative programming, counseling, recreation, and mental health treatment;

       k.    He is being denied the benefits of his Individualized Educational Plan.

These and other conditions of confinement constitute a violation of J.H.'s rights under state and federal law and the state and federal constitution, and the rights of all others being similarly confined.

**The Remedy Sought**:

J.H., as well as every other person in OJJ custody and/or otherwise confined in secure care facilities throughout the state, are at immediate risk of substantial harm if continued confinement occurs under these dangerous conditions. Accordingly, the following remedies are requested:

    a.    He and all other youth in custody should be determined eligible for early release and should be released to the care of their families.

    b.    In the alternative, he and all other youth in custody should be deemed eligible for furlough and released home to their families until there is a vaccine for COVID-19, the facilities have been determined to be COVID-19-free, and the risk of infection from COVID-19 has been completely removed from the facilities.

    c.    If not released, he and all other youth in custody should be provided with appropriate PPE, personal cleaning and sanitizing supplies and materials, and the ability to practice socially distancing from those around him.

    d.    All those being confined in the secure care facilities, as well as all staff members and all others who enter the facilities, should be tested and frequently retested for COVID-19.

    e.    Staff must immediately cease using pepper spray and other disciplinary methods that place the youth in custody at risk of serious harm and are not in line with OJJ policy and practice.

    e.    He and all other youth in custody should be immediately provided with educational and rehabilitative programming in compliance with state and federal law and with any individual IEPs that he and others may have.

If rehabilitation is not being provided and constitutional conditions of confinement are not immediately put into place, there is no legal justification to continue to confine J.H. or any other child in a secure care facility.

**The Response**

Per the Office of Juvenile Justice's Administrative Remedy Procedure B.5.3, please respond within 48 hours to this Emergency ARP and provide a final decision within 5 days of filing.

Signature:

/s/ Nishi Kumar

Nishi Kumar

I, Nishi Kumar, declare the following under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a licensed attorney in good standing in Louisiana.

2. I represent the parent of J.H. . Out of necessity in light of the COVID-19 pandemic, I was unable to obtain the signature of J.H. for the attached Third Party Acknowledgment/Approval Form. I am signing on his behalf, as authorized by the parent of J.H. . J.H. is a minor.

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and that this declaration was executed on May 9, 2020 in New Orleans, Louisiana.

Signature:

/s/ Nishi Kumar

Nishi Kumar

B.5.3 (d)

# Administrative Remedy Procedure
# Third Party Acknowledgment/Approval Form

I, __J.H.__ _____ (Youth name), Client ID # __147597__,

due hereby agree/approve __Nishi Kumar_____ to file an ARP
(Name of Third Party)

on my behalf. I understand that the above named third party is not my parent or legal guardian, and is acting in my best interest.

_Nishi Kumar on behalf of J.H._            _Katie Hunter-Lowrey_____
Youth Signature                              Witness

_May 9, 2020_____              _May 9, 2020_____
Date                                         Date